DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Eliezer Albelo, appeals the September 17, 2004 judgment entry of the Lucas County Court of Common Pleas which, following a plea of guilty pursuant to NorthCarolina v. Alford (1970), 400 U.S. 25, sentenced appellant to four years of imprisonment for possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(d). Appellant raises the following assignment of error:
 {¶ 2} "The trial court's sentence was contrary to law and violated appellant's Sixth and Fourteenth Amendment rights under the United States Constitution."
 {¶ 3} Upon review, we find that this case is controlled by the Supreme Court of Ohio's decision in State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856. In Foster, the court held that R.C. 2929.14(B) violates the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington (2004),542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466. Because the trial court relied on an unconstitutional statute when sentencing appellant, we find that the sentence is void and must be vacated. Foster at ¶ 103-104. Accordingly, appellant's sole assignment of error is found well-taken.
 {¶ 4} On consideration whereof, we find that the judgment of the Lucas County Court of Common Pleas is reversed and appellant's sentence is vacated. The matter is remanded to the trial court for a new sentencing hearing in accordance withFoster, supra. The state is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Parish, J. concur.